UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE ANTONIO GRAJALES,

                              Plaintiff,

             -v-

ELI LILLY AND COMPANY; MR. F. FOO,
M.D., BEEPER # 1389; THE NEW YORK CITY
CIVIL COURT JUDGE'S; AND UNITED
STATE OF AMERICA CIVIL JUDGE'S,

                              Defendants.

23-CV-6972 (JPO)

ORDER OF DISMISSAL

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action, for which the fees have been paid.  He alleges that

taking Zyprexa damaged his health but does not specify a jurisdictional basis for his claims.  For

the reasons set forth in this order, the Court dismisses this action but grants Plaintiff 60 days'

leave to replead his claims in a second amended complaint.[1]

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221

F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir.

1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous

appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*,

526 U.S. 574, 583 (1999).  The Court also may dismiss an action for failure to state a claim, "so

long as the plaintiff is given notice and an opportunity to be heard."  *Wachtler v. Cnty. of

Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).  The

---

[1] On August 10, 2023, Plaintiff filed an amended complaint.

Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits.  To state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief.  *Id.*

## BACKGROUND

Plaintiff, who resides in Manhattan, brings this action alleging that he suffered harms from the use of Zyprexa.  He sues Eli Lilly and Company, the manufacturer of Zyprexa; Mr. F. Foo, M.D., a doctor at NYU Downtown Hospital; "the New York City Civil Court Judge's"; and

"United State of America Civil Judge's." (ECF No. 2 at 1.)[2]  Plaintiff seeks injunctive relief and money damages.

The following information is taken from the amended complaint.  In October 2002, Plaintiff overdosed on Zyprexa at his mother's house, became unresponsive, and was taken to NYU Downtown Hospital, where he was hospitalized for two days.  At the hospital, he was intubated and treated for pneumonia, which was "possibly related to the Zyprexa overdose." (ECF No. 2 at 5.)

Plaintiff seeks to bring claims against all of the doctors who prescribed him Zyprexa from 2002 to 2009.  He alleges that the medication caused him to develop high blood pressure, diabetes, and high cholesterol.  Plaintiff also indicates that he would like to file a lawsuit "to the Civil Court because of what happened to [his] health and [his] life due to Zyprexa medications." (*Id*. at 6.)  He further asserts that he would like "to file a civil complaint lawsuit against the civil judge's" and he would like assistance from "an attorney to help [him] fight [his] cases and represent [him] at civil court."  (*Id*.)  Plaintiff also makes several references to getting money orders from 1996 to 2023, unspecified events that happened when he was under the age of 17, and wanting the return of $3,000.

Plaintiff also attaches to the amended complaint multiple documents, much of it relating to his medical care and treatment for substance abuse. Those documents include: (1) a letter from Dr. Foo stating that Plaintiff was admitted to NYU Downtown Hospital October 1-3, 2002, after he was found unresponsive from an overdose of Zyprexa, that Plaintiff was intubated and treated for pneumonia and then discharged, and that he had "no suicidal ideation" (*id*. at 8);

---

[2] The Court quotes from the amended complaint verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

(2) documents concerning Plaintiff's admissions to a substance abuse clinic, a psychiatric center, an addiction treatment center, and other treatment facilities; (3) a December 14, 2004 order from the New York Supreme Court, New York County, Mental Hygiene Part, finding that Plaintiff met the criteria for assisted outpatient treatment under Mental Hygiene Law § 9.60(c), and would be subjected to treatment for six months, including the administration of certain medications; (4) Plaintiff's medical records when he resided in a group home; (5) documents concerning Plaintiff's receipt of Medicaid and Social Security benefits; (6) an August 1, 2023 letter addressed to the New York City Civil Court in which Plaintiff asserts that when he was under the age of 17, he was "getting used for money's order's from money gram's" in connection with "XXX rated catalog" and "XXX rated movies," and that he would like to bring a lawsuit suing state and federal court judges (*id*. at 75); and (7) a second letter dated August 1, 2003, addressed to the New York City Civil Court in which Plaintiff asserts his claims concerning the Zyprexa overdose and that he would like to sue the doctors who prescribed the medication from 2002 through 2009.

**DISCUSSION**

**A.**      **Subject Matter Jurisdiction**

The complaint suggests that the Court does not have subject matter jurisdiction of Plaintiff's claims.  Subject matter jurisdiction, simply put, is the Court's power to adjudicate a case.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'"  *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

## 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Because Plaintiff names New York City Civil Court judges and United States civil judges as defendants, the Court considers whether the amended complaint could be read as an attempt to invoke federal question jurisdiction and assert constitutional or statutory claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Section 1983 allows an individual to bring suit against persons who, acting under color of state law, have caused him to be depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States."[3]  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff may bring *Bivens* claims against a federal official to seek redress for

---

[3] To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *West*, 487 U.S. at 48-49.

certain constitutional violations.[4]  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is

the federal analog to suits brought against state officials under [Section 1983].").

A plaintiff proceeding under Section 1983 or *Bivens* must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation.  *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted); *see also*

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017) (stating *Bivens* relief is available only against

federal officials who are personally liable for the alleged constitutional violations).  To hold a

state or federal official liable under Section 1983 or *Bivens*, "a plaintiff must plead and prove the

elements of the underlying constitutional violation directly against the official[.]" *Tangreti v.*

*Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020)

Plaintiff seeks to bring claims against both state and federal court judges, but he does not

name a specific judge or allege any facts showing how any judge of the state courts or federal

courts was personally involved in the events underlying his claims.  Because Plaintiff does not

name individual defendants subject to liability under Section 1983 or *Bivens*, he does not have

claims under Section 1983 or *Bivens*.[5]  Plaintiff's claims against the unidentified New York City

---

[4] To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

As federal courts have analogized *Bivens* claims to those brought under Section 1983, case law applying to claims brought under Section 1983 may be used to address issues in claims under *Bivens*. *See Butz v. Economou*, 438 U.S. 478, 498-501 (1978).

[5] The United States Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a

Civil Court judges and the United States civil judges are therefore dismissed for failure to state a claim on which relief can be granted.

Here, the gravamen of Plaintiff's allegations are state law product liability and medical malpractice claims involving the drug Zyprexa. The Court therefore concludes that Plaintiff's amended complaint does not set forth any federal claims or otherwise assert facts suggesting that federal law creates any cause of action he brings or that his right to relief necessarily depends on resolution of a substantial question of federal law. As Plaintiff's allegations do not suggest a violation of any federal law, he cannot invoke federal question jurisdiction.

### 2.    Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action to consider his state law product liability and medical malpractice claims. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*,

---

convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After deciding these three cases, the Supreme Court "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), and that a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (quoting *Carlson*, 446 U.S. at 18). Under *Ziglar*, unless a *Bivens* claim bears some resemblance to one of the three types of *Bivens* claims previously recognized by the Supreme Court, a court must hold that the claim constitutes a new *Bivens* context. *Ziglar*, 137 S. Ct. at 1860. More recently, the Supreme Court held that even if a court finds that a case presents "parallel circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not find a *Bivens* remedy unless it also decides that there is no rational reason to think that Congress is better equipped to create such a remedy. *See Egbert v. Boule*, 142 S. Ct. 1793, 1805 (2022) (holding in the context of a Fourth Amendment claim under Bivens that "superficial similarities are not enough to support the judicial creation of a cause of action").

Though typically "the *Bivens* question . . . is 'antecedent' to the other questions presented," *Hernandez,* 137 S. Ct. at 2006 (citing *Wood v. Moss*, 134 S. Ct. 2056, 2066 (2014)), the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy," *id*. at 2007. The Court therefore need not reach the issue of whether Plaintiff has an implied cause of action under *Bivens*.

524 U.S. 381, 388 (1998).  An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning."  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff lists addresses for himself, Eli Lilly and Company, and Dr. Foo in New York and suggests that they are all citizens of New York.  It therefore appears that diversity of citizenship is lacking.

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

**B.      Timeliness of Claims**

Even if Plaintiff were able to establish that diversity jurisdiction exists, his claims appear to be time-barred. Under New York law, the statute of limitations for a product liability claim is

three years, *see* N.Y. C.P.L.R. § 214(3), (5), and the limitations period for a medical malpractice claim is two years and six months, *see* N.Y. C.P.L.R. § 214-A.

Here, Plaintiff alleges that he suffered the Zyprexa overdose in October 2002, and although he does not state when he became aware of the side effects of the medication that allegedly led to him developing high blood pressure, diabetes, and high cholesterol, he asserts that he received the prescription for Zyprexa from 2002 to 2009.  Thus, Plaintiff knew or had reasons to know of his injuries from at least sometime in 2009.  He did not, however, file the original complaint in this action until August 8, 2023, more than fourteen years after his claims accrued.  Therefore, the statute of limitations periods for Plaintiff's claims appear to have expired well before he filed this action.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'"  *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted).  The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired.  *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002).  In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351 (SHS), 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in

which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204 (where commencement of an action has been stayed by court order).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case for his state-law claims. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the claims are timely. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

Although it appears that Plaintiff's product liability and medical malpractice claims are likely time-barred, because he is proceeding *pro se* and has not yet established that the Court has subject matter jurisdiction, the grants him 60 days' leave to replead his claims in a second amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Second Circuit has cautioned

that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state valid claims against the defendants, the Court grants him 60 days' leave to replead his claims in a second amended complaint. The second amended complaint must contain a short and plain intelligible statement showing that Plaintiff is entitled to relief against all named defendant, and that this Court has subject matter jurisdiction of his claims. If Plaintiff seeks to bring claims under the Court's federal question jurisdiction, he must allege facts in the amended complaint showing that Defendants caused a violation of his federal constitutional or statutory rights. If Plaintiff wishes to invokes the Court's diversity jurisdiction, he must allege in the second amended complaint facts suggesting that he and defendants are citizens of different states and that his claims are in excess of $75,000.00. Plaintiff must also allege facts in the second amended complaint alleging facts showing that his claims are timely or that equitable tolling should apply.

## CONCLUSION

The Court dismisses Plaintiff's claims against the unidentified New York City Civil Court judges and the United States civil judges for failure to state a claim on which relief can be granted. The Court dismisses Plaintiff's state law claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 60 days' leave to file a second amended complaint that complies with the standards set forth above. A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time

allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

Defendants are not required to answer or otherwise respond to this action until the Court reviews Plaintiff's second amended complaint and issues an order directing Plaintiff to effect service on Defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 26, 2023
         New York, New York

                                        J. PAUL OETKEN
                                     United States District Judge