UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ANTONIO GRAJALES,

                Plaintiff,

-v-

ELI LILY AND COMPANY; MR. F. FOO, M.D. BEEPER # 1389; THE NEW YORK CITY CIVIL COURT JUDGE'S; AND UNITED STATE OF AMERICA CIVIL JUDGE'S,

                Defendants.

23-CV-6972 (JPO)

ORDER OF DISMISSAL

---

J. PAUL OETKEN, District Judge:

    The Court assumes familiarity with the factual background in this case as set forth in its previous opinion. (*See* ECF No. 5.) Plaintiff Jose Antonio Grajales brings this *pro se* action alleging that he suffered adverse health consequences after taking Zyprexa. On September 26, 2023, this Court dismissed Grajales's First Amended Complaint because it did not specify a basis for subject matter jurisdiction and was time-barred. (ECF No. 5.) Recognizing that Grajales may be able to make out certain claims, this Court afforded Grajales leave to file a second amended complaint. (*Id.* at 11-12.) On November 14, 2024, Grajales filed a Second Amended Complaint. (ECF No. 15 ("SAC").)

    The Second Amended Complaint is substantially the same as the First Amended Complaint, with only minor differences. Instead of requesting the return of three thousand dollars, for example, Grajales now seeks the return of five thousand dollars. (*Compare* ECF No. 2 at 5 *with* SAC at 9.) Grajales also clarifies in his Second Amended Complaint that he would

1

"like to sue for five million dollars." (SAC at 11.) Otherwise, Grajales outlines the same underlying facts and injuries, brings suit against the same defendants, and seeks the same relief.

I.     Discussion

The Second Amended Complaint does not cure the deficiencies identified in the Court's previous order. As a threshold matter, the Second Amended Complaint suggests that the Court does not have subject matter jurisdiction over Grajales's claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A.     **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

The gravamen of Grajales's allegations remains state law product liability and medical malpractice claims. But here, Grajales also brings claims against the same unidentified state and federal court judges as his First Amended Complaint. The Court therefore considers whether the Second Amended Complaint could be read as an attempt to invoke federal question jurisdiction and assert constitutional or statutory claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As was the case with his First Amended Complaint, however, Grajales does not name any specific judges or allege any facts showing how any judge was personally involved in the events underlying his claims. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Because Grajales does not state a claim under Section 1983 or *Bivens*, the Court dismisses Grajales's claims against the unidentified New York City Civil Court judges and the United States judges for failure to state a claim on which relief can be granted. The Second Amended Complaint does not otherwise suggest a basis for federal question jurisdiction.

B.   **Diversity Jurisdiction**

Grajales also does not allege facts indicating that the Court has diversity jurisdiction over his claims. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). As in his First Amended Complaint, Grajales's Second Amended Complaint lists addresses for himself, Eli Lilly and Company, and Dr. Foo in New York, which suggests that they are all citizens of New York. (SAC at 5, 7.) Thus, the Second Amended Complaint does not allege facts indicating the existence of diversity jurisdiction. Accordingly, the Court dismisses Grajales's state law claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

II.  **Conclusion**

For the foregoing reasons, the Second Amended Complaint is dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    The Clerk of Court is directed to: (1) mail a copy of this order to Plaintiff; (2) enter judgment of dismissal; and (3) close this case.

    SO ORDERED.

Dated: October 14, 2025
      New York, New York

_____
J. PAUL OETKEN
United States District Judge